**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| ADRIAN LACEY, | : | |
| | : | Civ. Action No. 18-13658(RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

**BUMB,** United States District Judge

On September 7, 2018, Petitioner Adrian Lacey, a prisoner confined in the Federal Correctional Institution ("FCI-Fort Dix") in Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner also filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 (ECF No. 2), establishing his financial eligibility to proceed without payment of the filing fee. The IFP application will be granted.

Petitioner asserts that jurisdiction is proper under 28 U.S.C. § 2241 because he is actually innocent and the sentencing court refused to hold an evidentiary hearing on illegal search and seizure and failed to address all of Petitioner's claims for post-conviction relief. (Pet., ECF No. 1 at 10(c)). Petitioner also

seeks to use this petition to "get [his] case into the U.S. Supreme Court since my petition was perhaps, lost damage[d] or stolen during its transit from my person into BOP custody to the U.S. mail." (Pet., ECF No. 1 at 10(c)).[1]

Pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, applicable here for the reasons discussed below, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.

I. BACKGROUND

On December 27, 2012, Judgment was entered upon Petitioner's guilty plea to one count of mail fraud in violation of 18 U.S.C. § 1341, in the U.S. District Court for the Southern District of Alabama. United States v. Lacey, 12-cr-00046-KD-N (S.D. Ala.) (Judgment, ECF No. 35.)[2] Petitioner was sentenced to a 46-month term of imprisonment, and a three-year term of supervised release.

---

[1] Filing a § 2241 petition in this Court will not bring this case before the U.S. Supreme Court. Petitioner, however, may file a petition for certification in the U.S. Supreme Court, if necessary, if he is unsuccessful in appealing this matter in the Third Circuit Court of Appeals.

[2] Available at www.pacer.gov.

United States v. Lacey, 12-cr-00046-KD-N (S.D. Ala.) (Judgment, ECF No. 35.)

Petitioner appealed to the Eleventh Circuit Court of Appeals, but later voluntarily dismissed his appeal. (Id., Notice of Appeal, ECF No. 37; Court's Order of Dismissal and Mandate, ECF No. 76.)

On August 9, 2013, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, and he supplemented this motion on August 29, 2013. (Id., Mot. to Vacate, ECF No. 69; Mot. to Supplement, ECF No. 71.) After the Magistrate Judge issued a Report and Recommendation, recommending that the Court deny Petitioner's amended § 2255 motion (id., Report and Recommendation, ECF No. 88), Petitioner filed a motion to amend his § 2255 motion to add claims of illegal Terry pat and breach of proffer agreement. (Id., Mot. to Amend, ECF No. 89.) Petitioner also filed objections to the Report and Recommendation. (Id., Objection to Report and Recommendation, ECF No. 94.) On April 20, 2015, the Honorable Kristi K. DuBose adopted the Magistrate Judge's Report and Recommendation but granted Petitioner's motion to amend his § 2255 motion to add new claims and denied the amended motion. (Id., Order, ECF No. 95.)

Petitioner appealed the denial of his § 2255 motion. (Id., Notice of Appeal, ECF No. 97.) On August 28, 2015, the Eleventh Circuit Court of Appeals denied Petitioner a certificate of appealability and issued a Mandate. (USCA Order, ECF No. 100.)

3

Petitioner then sought relief under Federal Rule of Civil Procedure 60b, raising claims including illegal search and seizure and actual innocence. United States v. Lacey, 12-cr-00046-KD-N (S.D. Ala.) (Mot. for Relief, ECF No. 101.) The court dismissed the motion for lack of jurisdiction because Petitioner's "Rule 60(b) motion seeks to reassert his claims for relief and raise new claims, instead of identifying a defect in the integrity of his earlier § 2255 proceedings, his motion is the equivalent of a second or successive motion and therefore, barred by 28 U.S.C. § 2255(h)." (Id., Order, ECF No. 106 at 19.)

Petitioner filed an application to bring a second or successive motion to vacate under § 2255 in the Eleventh Circuit Court of Appeals, based on newly discovered evidence of actual innocence. (USCA Order, ECF No. 115.) On July 15, 2016, the Eleventh Circuit denied the application because Petitioner failed to make a *prima facie* showing of the existence of grounds to file a second or successive motion under § 2255. (Id.)

In his § 2241 petition, Petitioner raises four grounds for relief:

> Ground One: Ineffective counsel for refusing to file motion to suppress evidence obtained during unlawful terry pat
>
> Ground Two: Illegal Search and Seizure
>
> Ground Three: Ineffective Assistance of counsel for failure to share discovery with defendant when it showed exculpatory evidence

4

> Ground Four: Ineffective assistance of counsel for failing to file motion to suppress statements made at an interview with agents

(Pet., ECF No. 1, ¶13.)

## II. DISCUSSION

The default rule is that the proper respondent to a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the petitioner's immediate custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Petitioner named the United States as the respondent but the proper respondent is the warden of FCI Fort Dix. Although this error could be cured by amendment, naming the proper respondent does not change the fact that this Court lacks jurisdiction over the petition under 28 U.S.C. § 2241.

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). Congress, however, provided a saving clause in § 2255(e): "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted.)

In the Third Circuit, there is an exception to the general rule that a petitioner must challenge his conviction and sentence in the sentencing court under § 2255, when the petitioner "had no

5

earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Bakhtiari v. Warden, No. 18-1402, 2018 WL 3099899 at *1 (3d Cir. June 25, 2018) (per curiam) ("To date, we have applied the inadequate or ineffective savings clause exception only when an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review.") (internal quotations omitted)). A remedy under § 2255 is not inadequate or ineffective because the petitioner cannot meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Upon review of the § 2241 petition,[3] Petitioner does not rely on a retroactively applicable change in statutory interpretation that renders him innocent of the substantive crime of mail fraud and was unavailable when he filed his first § 2255 motion. See

---

[3] Petitioner cites the following Supreme Court cases in support of his petition: Minnesota v. Dickerson, 508 U.S. 366 (1993); Colorado v. Bertine, 479 U.S. 367 (1987); Brady v. Maryland, 373 U.S. 83 (1963); Terry v. Ohio, 392 U.S. 1 (1968); Arizona v. Johnson, 555 U.S. 323 (2009); Arizona v. Gant, 556 U.S. 332 (2009); Arkansas v. Sanders, 442 U.S. 753 (1979); Watts v. Indiana, 338 U.S. 49 (1949); Wong Sun v. U.S., 371 U.S. 471 (1963). None of these cases were decided after Petitioner filed his first § 2255 motion on August 9, 2013.

Snow v. Bledsoe, 512 F. App'x 149, 151 (3d Cir. 2013) (per curiam) (court lacked jurisdiction although the petitioner alleged actual innocence). Therefore, this Court lacks jurisdiction under § 2241.

III. CONCLUSION

This Court lacks jurisdiction over the § 2241 petition. This Order does not preclude Petitioner from seeking permission from the Eleventh Circuit Court of Appeals to bring his claims in a successive § 2255 motion[4] in his sentencing court.

An appropriate order follows.

Dated: September 19, 2018

                                   s/Renée Marie Bumb
                                   **RENÉE MARIE BUMB**
                                   **United States District Judge**

---

[4] See 28 U.S.C. § 2255(h)(1):

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .